IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CARL EDWARD DODSON,**

    **Plaintiff,**

v.                                     **CIVIL NO. 1:10CV139**
                                                **(Judge Keeley)**

**BUREAU OF PRISONS,
BRESCOACH, Health Services
Administrator, LT. GUY,
Lieutenant, ZIEGLER, Warden,**

    **Defendants.**

**ORDER
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 61],
GRANTING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 42], AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1], AND
DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND [DKT. NO. 55]**

**I. INTRODUCTION**

On August 10, 2010, the pro se plaintiff, Carl Edward Dodson ("Dodson"), a federal inmate at Federal Correctional Institution Morgantown ("FCI Morgantown") filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Dodson alleges that the Federal Bureau of Prisons ("BOP") failed to provide him with adequate medical care for his back and urological problems.

The Court referred this civil action to the Honorable James E. Seibert, United States Magistrate Judge ("Magistrate Judge Seibert"), for initial screening pursuant to Local Rule of Prisoner

**DODSON V. BUREAU OF PRISONS, ET AL.**                          **1:10CV139**

**ORDER**
**ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 61],**
**GRANTING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT [DKT. NO. 42], AND DISMISSING**
**PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1], AND**
**DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND [DKT. NO. 55]**

Litigation 72.01(d)(2). After Magistrate Judge Seibert directed the defendants to file an answer, in lieu of an answer, the defendants filed a Motion to Dismiss, or, in the Alternative, a Motion for Summary Judgment. (dkt. nos. 42). Dodson filed a timely response on June 1, 2011. (dkt. no. 60).

On June 27, 2011, Magistrate Judge Seibert issued a report and recommendation ("R&R") recommending that Dodson's complaint be dismissed because he never exhausted his administrative remedies. On July 11, 2011, Dodson filed timely objections to the magistrate judge's R&R (dkt. no. 63).

**II. MAGISTRATE JUDGE SEIBERT'S REPORT AND RECOMMENDATION**

A cause of action under Bivens provides "an independent cause of action for monetary damages against federal officials, acting under color of federal law, who violate an individual's constitutional rights." Yokum v. Frank, 937 F.2d 604 (table case), 1991 WL 118008, at *2 (4th Cir. 1991). To pursue such a claim, as the magistrate judge observed, an inmate must exhaust his administrative remedies. See 42 U.S.C. § 1997(e)(a); Porter v. Nussle, 534 U.S. 516, 524 (2002). Because Dodson failed to exhaust

**DODSON V. BUREAU OF PRISONS, ET AL.**                  **1:10CV139**

**ORDER**
**ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 61],**
**GRANTING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE**
**MOTION FOR SUMMARY JUDGMENT [DKT. NO. 42], AND DISMISSING**
**PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1], AND**
**DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND [DKT. NO. 55]**

his administrative remedies prior to filing this lawsuit, Magistrate Judge Seibert concluded that his complaint must be dismissed.

### III. DODSON'S OBJECTIONS

In his objections, Dodson asserts that the magistrate judge's R&R contains various factual inaccuracies. He also asserts that he attempted to initiate the administrative remedy process on January 7, 2010 but never received a response at the institutional level. He asserts further that he should be excused from exhausting his administrative remedies because the BOP has failed to timely respond to his remedy requests, and any further attempts by him to comply with the process would be futile. See Whitington v. Ortiz, 472 F.3d 804, 808 (10th Cir. 2007) (holding that, "when prison officials fail to timely respond to a grievance, the prisoner has exhausted 'available' administrative remedies under the PLRA."); and Taylor v. Barnett, 105 F. Supp.2d 483, 486 (E.D. Va. 2000) (holding that a prisoner effectively exhausted his administrative remedies when state prison authorities failed to timely respond to his administrative grievance).

**DODSON V. BUREAU OF PRISONS, ET AL.**                            1:10CV139

ORDER
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 61],
GRANTING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 42], AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1], AND
DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND [DKT. NO. 55]

### IV. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews <u>de novo</u> any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. <u>See</u> <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983); <u>see also</u> <u>Nettles v. Wainwright</u>, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991).

### V. ANALYSIS

Dodson's objections acknowledge that he has never exhausted his administrative remedies. To support his argument that compliance would be futile, he asserts only that he filed a grievance at the institutional level on January 1, 2010, to which the Warden at FCI Morgantown never responded.

According to the BOP's records, however, Dodson failed to comply with the BOP's administrative remedy process prior to filing

4

**DODSON V. BUREAU OF PRISONS, ET AL.**                      1:10CV139

ORDER
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 61],
GRANTING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 42], AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1], AND
DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND [DKT. NO. 55]

this lawsuit.  For example, when Dodson improperly filed a remedy request at the Regional level in January, 2010, the BOP directed him to re-file it at the institutional level within five days. Dodson, never did so, choosing instead to file this lawsuit several months later.  Although Dodson asserts that he simultaneously filed a remedy request at the institutional and regional levels, he does not deny that he failed to follow the Regional Office's directives.

Furthermore, Dodson never attempted to substantively comply with the administrative remedy process until after filing this lawsuit.  Even then, however, he failed to follow the BOP's required procedures.  Thus, he cannot blame the BOP for a failure to exhaust his administrative remedies that is entirely his own. Accordingly, the Court concludes Dodson has failed to exhaust his administrative remedies or to establish that he should be excused from doing so. Because a prisoner's exhaustion of his administrative remedies is a mandatory prerequisite to filing suit under the PLRA, Dodson's failure to do so is fatal to his case. See 42 U.S.C. § 1997(e)(a); Porter, 534 U.S. at 524.

**DODSON V. BUREAU OF PRISONS, ET AL.**            **1:10CV139**

**ORDER
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 61],
GRANTING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 42], AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1], AND
DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND [DKT. NO. 55]**

## VI. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R in its entirety (dkt. no. 61), **GRANTS** the defendants' motion to dismiss or in the alternative motion for summary judgment (dkt. no. 42), **DISMISSES** Dodson's complaint **WITHOUT PREJUDICE** (dkt. no. 1), and **DENIES AS MOOT** his motion to amend (dkt. no. 55).

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of it and this order to the pro se petitioner and the attorney of record certified mail, return receipt requested.

DATED: August 31, 2011.

                                                  /s/ Irene M. Keeley
                                                  IRENE M. KEELEY
                                                  UNITED STATES DISTRICT JUDGE